United States District Court
Southern District of Texas
**ENTERED**
December 30, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| TIMEIKI HEDSPETH, § <br> BOP # 19023-479 § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> WARDEN TANISHA HALL, PH.D., § <br> § <br> Respondent. § | CIVIL ACTION NO. 4:23-3408 |

## MEMORANDUM OPINION AND ORDER

Timeiki Hedspeth, an inmate in the Bureau of Prisons (BOP), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and challenges the collection of restitution payments (Dkt. 1; Dkt. 10). The respondent filed a motion for summary judgment (Dkt. 16) with supporting exhibits (Dkt. 17). Hedspeth has not responded to the summary judgment motion, and the time to respond has expired. After reviewing the pleadings, the briefing and evidence submitted, the applicable law, and all matters of record, the Court concludes that the respondent's motion for summary judgment should be **granted** and that Hedspeth's claims should be **dismissed** for the reasons explained below.

The respondent's request to substitute Warden Tanisha Hall, Ph.D., as the proper respondent, *see* Dkt. 16, at 1, will be **granted**.

### I.   BACKGROUND

Hedspeth filed this suit when incarcerated at FPC-Bryan. She currently is incarcerated at BOP's San Antonio RRM unit, and her projected release date is October

13, 2027. *See* Inmate Locator, Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited Dec. 19, 2024). Hedspeth has not updated her address with the Court as previously instructed (Dkt. 11, at 3).

On June 30, 2017, a jury in the Eastern District of Virginia convicted Hedspeth of nine counts, including conspiracy, mail fraud, bank fraud, wire fraud, and aggravated identity theft. *United States v. Hedspeth*, Crim. No. 4:16-CR-49-RAJ-LRL-6 (E.D. Va.) (Dkt. 170). On November 6, 2017, the court entered judgment against her and sentenced her to 175 months in the BOP, a five-year term of supervised release, and restitution in the amount of $1,294,034.52, jointly and severally with multiple co-defendants (*id*. Dkt. 234). The sentencing court stated that the restitution was "due and payable immediately" and that any unpaid balance at the inception of supervision "shall be paid by the defendant in installments of not less than $150.00 per month" (*id*. at 6; *see id.* Dkt. 232 (restitution order)). On September 17, 2018, the sentencing court dismissed without prejudice Hedspeth's motion to defer restitution, stating that the court "has no authority to suspend" her payments assessed under the Inmate Financial Responsibility Program (IFRP) "because the BOP maintains discretion over such payments when a sentencing court has ordered the *immediate* payment of a court-imposed fine" (*id.* Dkt. 288 (emphasis original) (citing cases from the Fourth, Seventh, and Ninth Circuits)).

Hedspeth filed her initial petition in this Court on September 12, 2023. She requested that the Court order the BOP to cease collection of restitution payments through the IFRP until the sentencing court enters a "proper restitution schedule" (Dkt. 1, at 9). Although the initial pleading did not explicitly set out habeas claims, Hedspeth claimed

that the BOP lacked authority to set a payment schedule in her case and that her restitution payments were placing a psychological and financial burden on her.

As instructed by the Court, Hedspeth filed an amended petition. She brings four habeas claims: (1) participation in IFRP is voluntary; (2) the BOP does not have authority to set a schedule of payments or assess the payment amount; (3) federal statute requires the sentencing court to set a payment schedule; and (4) the payment schedule imposed against her causes her psychological and financial hardship (Dkt. 10, at 6-8). As relief for her claims, Hedspeth requests that the Court order the BOP to cease collecting restitution payments from her through the IFRP "unless and until a proper restitution schedule has been set by the sentencing Court" (*id*. at 8). The respondent argues that Hedspeth failed to exhaust her administrative remedies before filing suit.

The respondent presents the declaration of Alice Diaz-Hernandez, an associate warden at FPC-Bryan and the coordinator of the Administrative Remedy Program, which is based on her personal knowledge, information acquired through the performance of her official duties, and her review of the relevant records (Dkt. 17, at 2-4). Diaz-Hernandez explains the BOP's internal three-step process for inmates to seek an administrative remedy for their complaints (*id*. at 3; *id*. at 5-13 (BOP Program Statement No. 1330.18 regarding Administrative Remedy Program)). She states that Hedspeth has filed 65 administrative remedies during her incarceration (*id.* at 3; *id.* at 14-48 (generalized retrieval record for Hedspeth)).

Hedspeth's amended petition refers to two administrative remedies: No. 1132009 and No. 1178399 (Dkt. 10, at 2-3). Diaz-Hernandez presents records reflecting that, in No.

1132009, Hedspeth requested that her participation in IFRP be deferred because it was burdensome (Dkt. 17, at 3; *id.* at 49-61 (records for No. 1132009)).  She states that Hedspeth completed the exhaustion process for No. 1132009 (*id.* at 4). Regarding Administrative Remedy No. 1178399, the records reflect that Hedspeth claimed that the BOP lacked authority to assess and collect payments from her (*id.*; *id. a*t 62-72 (records for No. 1178399)). Diaz-Hernandez avers that Hedspeth did not complete the exhaustion process on this claim before filing suit and that, when she signed her declaration on March 1, 2024, the BOP's response to Hedspeth's appeal for No. 1178399 was not yet due (*id.* at 4).

Diaz-Hernandez also states that Hedspeth filed a third administrative remedy, No. 1178246, regarding her IFRP payments, but failed to exhaust her remedies because she did not pursue all three steps of the BOP's review process (*id.*).

Hedspeth has not responded to the summary judgment motion.

## II.  **LEGAL STANDARDS**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013).  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software Inc*., 232 F.3d 473, 477 (5th Cir. 2000).  In deciding a summary judgment motion, the reviewing court

must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (cleaned up).  However, the non-movant cannot avoid summary judgment simply by presenting "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (cleaned up); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (cleaned up).  However, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).  Even a *pro se* plaintiff must specifically refer to evidence in the summary judgment record in order to place that evidence properly before the court.  *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 & n.9 (5th Cir. 2016); *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

### III.   ANALYSIS

Hedspeth challenges the BOP's collection of restitution payments.  The respondent seeks summary judgment on the grounds that Hedspeth (1) did not exhaust her administrative remedies and (2) fails to state a claim upon which relief can be granted or to demonstrate a genuine issue of material fact.

A prisoner must exhaust all available administrative remedies before challenging the calculation of her sentence in a federal petition. *Gallegos-Hernandez v. United States*,

688 F.3d 190, 194 (5th Cir. 2012). In order to properly exhaust her remedies, an inmate must pursue all stages of the BOP's four-step administrative remedy procedure for inmate complaints. 28 C.F.R. § 542.10-542.19; *see U.S. v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010); *Huff v. Neal*, 555 F. App'x 289, 293 (5th Cir. 2014). Exceptions to the exhaustion requirement are appropriate if administrative remedies are unavailable or "wholly inappropriate to the relief sought," or if "the attempt to exhaust such remedies would itself be a patently futile course of action." *Gallegos-Hernandez*, 688 F.3d at 194 (cleaned up). However, exceptions apply "only in extraordinary circumstances," and the petitioner bears the burden to demonstrate futility. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (cleaned up); *see Davis v. McConnell*, No. 21-30091, 2021 WL 4467620, at *1 (5th Cir. Sept. 29, 2021). Prisoners who continue to pursue administrative remedies after filing their federal petition have not satisfied the requirement to fairly present their claims in the administrative process before filing suit. *Fuller*, 11 F.3d at 62; *Cartwright v. Outlaw*, 293 F. App'x 324 (5th Cir. 2008).

Here, the respondent presents evidence that Hedspeth did not completely exhaust the appeals process for Administrative Remedies Nos. 1178399 or 1178246 before filing suit (Dkt. 17, at 4; *id.* at 62-72). In No. 1178399, Hedspeth claimed that the BOP lacked authority to assess and collect payments from her; in No. 1178246, she challenged her IFRP payments. Her petition does not claim that she exhausted all levels of the appellate process for either complaint, and she filed no response to the summary judgment motion. Therefore, the record reflects no genuine issue of material fact as to Hedspeth's failure to exhaust her administrative remedies for her claims regarding BOP's authority to assess and

collect IFRP payments. The exhaustion requirement is mandatory. *See Gallegos-Hernandez*, 688 F.3d at 194. Although some exceptions exist, Hedspeth does not present facts or evidence that could show that an exception applies in her case. Her habeas claims raising the issues in No. 1178399 and No. 1178246 therefore must be dismissed without prejudice.

Regarding Hedspeth's claims for deferral of payments based on hardship, as raised in Administrative Remedy No. 1132009, the respondent argues that the claims have no valid legal basis (Dkt. 16, at 26-27).[1] The respondent presents authority that the IFRP is a voluntary program and that inmates can refuse to participate but, if they refuse, are not entitled to the program's benefits. *See Driggers v. Cruz*, 740 F.3d 333, 338 (5th Cir. 2014). Moreover, an inmate's placement in the IFRP does not violate the inmate's due process rights. *Id.* (holding that the conditions imposed by the IFRP are "not so severe as to impose an atypical and significant hardship upon the inmate in relation to the ordinary incidents of prison life," and thus does not violate the inmate's liberty interest under the Due Process Clause) (cleaned up). Hedspeth has not responded to the motion and cites no authority that would allow the Court to intervene in the BOP's management of her IFRP payments based on her alleged burdens. She also presents no competent summary judgment evidence regarding her alleged burdens. She therefore fails to demonstrate a genuine issue of

---

[1] The respondent concedes that, through Administrative Remedy No. 1132009, Hedspeth exhausted her remedies completely regarding her request for deferral of her IRFP payments due to hardship. Therefore, the Court does not rely on exhaustion for dismissal of her habeas claims seeking deferral.

material fact on her habeas claims for deferred payments based on hardship. Therefore, to the extent her habeas claims are exhausted, the respondent is entitled to summary judgment.

### IV. CONCLUSION

For the reasons stated above the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Dkt. 16) is **GRANTED**.

2. The petition for a writ of habeas corpus (Dkt. 1; Dkt. 10) filed by Timeiki Hedspeth is **DISMISSED.** Her claims seeking deferral of her IRFP payments based on hardship are dismissed with prejudice. Her remaining claims are dismissed without prejudice for failure to exhaust administrative remedies.

3. As an additional ground, because Hedspeth has failed to update her address with the Court as previously instructed, this action is dismissed for want of prosecution under Federal Rule of Civil Procedure 41(b).

4. The respondent's request to substitute Warden Tanisha Hall, Ph.D., as the proper respondent is **GRANTED**. The Clerk is **INSTRUCTED** to update the respondent's name on the Court's docket.

5. All other pending motions, if any, are **DENIED as moot**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on \_\_\_\_\_December 30\_\_\_\_\_, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE